FILED
SCRANTON

JUN 22 2012

PER _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN LEE TAGNOSKY,

    Petitioner,

    v.

PA STATE ATTORNEY GENERAL,

    Respondent.

Civil Action No. 3:11-CV-2221

(Judge Kosik)

## ORDER

AND NOW, this 22nd day of June, 2012, IT APPEARING TO THE COURT THAT:

(1) Petitioner, Kevin Lee Tagnosky, an inmate at the State Correctional Institution at Fayette in LaBelle, Pennsylvania ("SCI-Fayette"), filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and his Motion for Leave to Proceed *In Forma Pauperis* on November 30, 2011. (Doc. 1, 2).

(2) Petitioner entered a plea of guilty in the Court of Common Pleas of Potter County on February 23, 2011 to one count pursuant to 18 P.S. § 6105(a)(1), persons not to possess, use, manufacture, control, sell or transfer firearms; two counts pursuant to 35 P.S. § 780-113(a)(30), manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under the Controlled Substance, Drug, Device and Cosmetic Act; two counts pursuant to 35 P.S. § 780-113(a)(16), knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under the Controlled Substance, Drug, Device and Cosmetic Act; and two counts pursuant to 35 P.S. § 780-113(a)(32), the use of, or possession with intent to use, drug paraphernalia for the purpose of planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, possessing, preparing, testing, analyzing, packing, repacking, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body a controlled substance in violation of the Controlled Substance, Drug, Device and Cosmetics Act. (Doc. 5, p. 2-3).

(3) On March 2, 2011, Petitioner was sentenced to two and one-half (2.5) years to five (5) years of incarceration. (*Id.* at 3).

(4) After reviewing the state court docket sheets in both cases[1], it is apparent that Petitioner has failed to file either a direct appeal or a post-conviction petition challenging his convictions. The docket sheets only indicate that petitions to modify sentence, motion for transcripts, and a motion to prevent destruction of evidence[2] were filed. Petitioner concedes that he has failed to file an appeal or post-conviction petition. (Doc. 1, p. 3, 4). Petitioner alleges that his failure to file a direct appeal or a post-conviction petition is due, essentially, to the ineffective assistance of his counsel. (*Id.* at 5).

(5) In his current Petition, Petitioner raises numerous challenge that relate to his convictions in Potter County. (*See* Doc. 1).

(6) The case was assigned to Magistrate Judge Malachy E. Mannion who issued a *pro se* letter with notice and consent form to the Petitioner. (Doc. 3).

(7) On January 6, 2012, Petitioner sent a letter to the Clerk of Court regarding his motion to prevent the destruction of evidence which he filed in the Court of Common Pleas of Potter County. (Doc. 4).

(8) The Magistrate Judge gave the Petition preliminary consideration pursuant to Rule 4 of the *Rules Governing Section 2254 Cases,* 28 U.S.C.foll. § 2254. (*See* Doc. 5).

(9) On May 25, 2012, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Motion to Proceed *In Forma Pauperis* (Doc. 2) be granted and that the Petition for Writ of Habeas Corpus (Doc. 1) be dismissed because Petitioner failed to exhaust his administrative remedies.

---

[1]*See Commonwealth v. Tagnosky*, Court of Common Pleas of Potter County, Criminal Docket No. CP-53-CR-0000057-2010 and *Commonwealth v. Tagnosky,* Court of Common Pleas of Potter Count, Criminal Docket No. CP-53-CR-0000058-2010.

[2]The Court issued an order regarding this motion on April 17, 2012. *See* CP-53-CR-0000058-2010.

(10) Pursuant to Local Rule 72.3, Petitioner was given fourteen (14) days, after being served with a copy of the Report and Recommendation, to make any objections to the Magistrate Judge's proposed findings, recommendations, or report. Petitioner failed to file objections.

AND IT FURTHER APPEARING THAT:

(11) If no objections are filed to a Magistrate Judge's Report and Recommendation, the petitioner is not statutorily entitled to a de novo review of his claim. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 150-153 (1985). Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. *See Henderson v. Carlson,* 812 F.2d 874, 878 (3d Cir. 1987).

(12) A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 498-99 (1973). Petitioner's habeas petition pursuant to 28 U.S.C. § 2254 is challenging his conviction in Potter County. However, Petitioner is required to exhaust all available state remedies before filing a petition for habeas corpus under this statute. *See* 28 U.S.C. § 2254(b)(1).

(13) "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," and because of this, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). By failing to meet a state's procedural requirements for presenting his federal claims, a habeas corpus petitioner deprives the state court of an opportunity to address the claims. *Coleman v. Thompson,* 501 U.S. 722, 732 (1991).

(14) Petitioner has not allowed the Commonwealth of Pennsylvania one full and fair opportunity to resolve any constitutional issues, because he has not invoked one complete

round of the Commonwealth's established appellate review process. As stated above, a review of Petitioner's Commonwealth docket report shows that he has not filed any direct appeals or post-conviction petitions. As such, Petitioner has not successfully exhausted the remedies available to him from the Commonwealth of Pennsylvania.

(15) To the extent Petitioner has procedurally defaulted on his claims, we agree with the Magistrate Judge's recommendation that he has failed to show cause and prejudice for the default or a resulting fundamental miscarriage of justice. (*See* Doc. 5, fn. 5).

(16) As the Magistrate Judge points out, to the extent that Petitioner would argue ineffective assistance of counsel to establish cause, there is no indication from the record that Petitioner has raised this argument as an independent ground in the state courts, as he must do. *See Werts v. Vaughn,* 228 F.3d 178, 193 (3d Cir. 2000) (internal citations omitted); *See also Murray v. Carrier,* 477 U.S. 478, 488-489 (1986). Therefore, we agree with the Magistrate Judge that any such argument for cause would be without merit.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge Malachy E. Mannion (Doc. 5) is ADOPTED;

(2) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is DISMISSED; and

(3) The Clerk of Court is directed to CLOSE this case, and to FORWARD a copy of this Order to the Magistrate Judge.

(4) Based on the court's conclusions herein, there is no basis for the issuance of a certificate of appealability.

_____
Edwin M. Kosik
United States District Judge