**FILED**
**SCRANTON**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JUL 0 2 2012

PER _____
DEPUTY CLERK

KEVIN LEE TAGNOSKY,

Petitioner,

v.

PA STATE ATTORNEY GENERAL,

Respondent.

Civil Action No. 3:11-CV-2221

(Judge Kosik)

## MEMORANDUM

Currently before this Court is Petitioner's Motion for Reconsideration filed on June 26, 2012. (Doc. 7). For the reasons that follow, we will deny Petitioner's Motion for Reconsideration.

### Procedural History & Factual Background

On November 30, 2011, Petitioner, Kevin Lee Tagnosky, an inmate at the State Correctional Institution at Fayette in LaBelle, Pennsylvania ("SCI-Fayette"), filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his convictions in Potter County, Pennsylvania. (Doc. 1). The petition was given preliminary consideration pursuant to Rule 4 of the *Rules Governing Section 2254 Cases,* 28 U.S.C.foll. § 2254 by Magistrate Judge Malachy E. Mannion. (*See* Doc. 5). On May 25, 2012, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the petition be dismissed because Petitioner failed to exhaust his administrative remedies. (*Id.*). Petitioner failed to object to the R&R and on June 22, 2012, this Court issued an order adopting the R&R of the Magistrate Judge dismissing Petitioner's Petition for Writ of Habeas Corpus and directing the Clerk of Court to close the case. (Doc. 6). On June 26, 2012, Petitioner filed a Motion for Reconsideration. (Doc. 7).

### Standard of Review

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v.*

*Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

## Discussion

Petitioner argues for reconsideration and alleges mis-statements of fact by the Court. (*See* Doc. 7). He argues that he made his plea on March 3, 2011, not on February 22, 2011. (*Id.*). Petitioner again asserts ineffective assistance of counsel as the reason he has failed to exhaust all his administrative remedies. (*Id.*). Petitioner also alleges a conspiracy between his attorney and the District Attorney that has had the effect of the courts "being blinded by false documents." (*Id.*). Petitioner asks us to grant his motion so that the evidence he has can be seen by the courts. (*Id.*).

In his motion, Plaintiff fails to demonstrate any of the applicable grounds for reconsideration. He does not set forth an intervening change in law, present new evidence, or argue the existence of a clear error of law or fact. A review of the state court docket sheets[1] shows that the plea agreement was entered on February 23, 2011 and his sentence was imposed on March 2, 2011. Regardless of when the plea agreement or sentencing took place, this does not change the fact that Petitioner has failed to exhaust his administrative remedies. We have already found that his ineffective assistance of counsel claims are not enough to excuse his failure to exhaust his administrative remedies. The Commonwealth of Pennsylvania must be given a full and fair opportunity to resolve any constitutional issues via a complete round of the Commonwealth's established appellate review process before Petitioner's claims will be considered in federal court. His allegations of a conspiracy between his lawyer and the district attorney also fail to excuse his failure to exhaust his administrative remedies.

## Conclusion

For the reasons stated above, Petitioner's Motion will be denied. An appropriate order follows.

---

[1] *See Commonwealth v. Tagnosky,* Court of Common Pleas of Potter County, Criminal Docket No. CP-53-CR-0000057-2010 and *Commonwealth v. Tagnosky,* Court of Common Pleas of Potter Count, Criminal Docket No. CP-53-CR-0000058-2010.